**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 24, 2024
Date Decided: September 30, 2024

Kenneth R. Talley
28467 Pocahontas Avenue
Millsboro, DE 19966

Janice A. Talley
Luther Village
101 Babb Drive
Dover, DE 19901

David J. Weidman, Esquire
Sergovic Carmean Weidman
McCartney & Owens, P.A.
25 Chestnut Street
Georgetown, DE 19947

RE: *Kenneth Talley, et al. v. Judith Talley Horn, et al.*
C.A. No. 2021-0011-BWD

Dear Counsel and Litigants:

This Letter Opinion considers exceptions to a Bench Ruling of the Magistrate issued April 24, 2024.[1] This case in its original incarnation concerned rights in a property near Milton.[2] The Magistrate determined that Plaintiffs, Kenneth and Janice Talley, had no interest in that property, a decision that was entered as an Order of this Court on October 21, 2022.[3] The matter was reopened by Defendants seeking

---

[1] Tr. of 4-24-2024 Final Report of the Magistrate on Defs.' Mot. to Cancel Lis Pendens, Dkt. No. 79 ("Tr.").
[2] Verified Compl., Dkt. No. 1.
[3] Adopting Ord., Dkt. No. 63.

to remove a *lis pendens* on the property.[4]  The *lis pendens* described several legal actions purporting to be liens on the property, all of which have been finally resolved against Plaintiffs and in favor of Defendants.  The Magistrate, after a thorough review of the record and argument, issued a thoughtful Bench Decision finding that the removal of the *lis pendens* was mandatory, and directing that fees be shifted against Plaintiffs and in favor of Defendants on account of Plaintiffs' vexatious and frivolous litigation.[5]

Plaintiffs, who appear *pro se,* took exception to the Magistrate's Report in a document titled "Notice of Objection" filed on May 7, 2024.[6]  That document contained a memorandum in support of the exceptions.[7]  Plaintiffs also filed a document denominated a "Jurisdiction Summary."[8]  Defendants filed their "Answering Brief to Plaintiffs' Exceptions to Magistrate's Final Report dated April 24, 2024" on May 30, 2024.[9]  Plaintiffs failed to file a reply.[10]  On September 24, 2024, I deemed any reply waived and considered the matter submitted on the papers.

---

[4] Granted (Proposed Ord. for Mot. to Reopen), Dkt. No. 67.

[5] *See* Tr. 9:15–12:6.

[6] Pl.'s Exceptions to Magistrate's Final Report, Dkt. No. 85 ("Notice of Obj.").

[7] *Id.*

[8] Pet'r's Opening Br. to Magistrate's Final Report, Dkt. No. 89 ("Jurisdiction Summary").

[9] Defs.' Answering Br. to Pls.' Exceptions to Magistrate's Final Report Dated April 24, 2024, Dkt. No. 92.

[10] On May 28, 2024, Plaintiffs filed a "Proposed Order for an Extension of Time" but have not filed any additional briefing in the following four months. Proposed Ord. for an Extension of Time, Dkt. No. 90.

Upon careful *de novo* consideration of the record, as required by our Supreme Court's directive in *DiGiacobbe v. Sestak*,[11] I find that there is no question that the lifting of the *lis pendens* is mandatory under the statute, and that the exceptional abuse of process here as detailed, *inter alia*, in Plaintiffs' "Statement of Related Cases" in their "Notice of Objection,"[12] amply justifies shifting fees as directed by the Magistrate.

Plaintiffs do not truly contest that the Magistrate's recommendation to lift the *lis pendens* is justified on the record.[13] Instead, they seek to reopen the underlying finding that they lack an interest in the property. Plaintiffs do not raise substantive arguments that this Court's Order finding that they had no interest in the property was in error; instead they argue procedural defects.[14] Principally, these arguments involve lack of counsel on behalf of the Talleys and that Mr. Talley was unable to participate meaningfully because he is hard of hearing and "analphabetic."[15] The

---

[11] 743 A.2d 180, 184 (Del. 1999).

[12] Pl.'s Notice of Exceptions, Dkt. No. 85.

[13] With one exception. In their Notice of Objection, Plaintiffs point out that the Magistrate found in her Bench Ruling that all pertinent litigation cited in the *lis pendens* had been resolved; Plaintiffs state that one district court case, No. 23-982-MN, had not yet been dismissed. Notice of Objection 11; Tr. 24:2–8. In fact, the United States District Court for the District of Delaware dismissed that case on July 9, 2024, and Plaintiffs appealed to the Third Circuit, which is still pending. *See Talley v. Horn*, 2024 WL 3339041 (D. Del. Jul. 9, 2024); Notice of Appeal to the Third Circuit, No. 1-23-cv-00982, Dkt. 21. However, as the Magistrate correctly noted in her bench ruling regarding another district court case, this appeal does not affect title to the property because the federal court does not have jurisdiction to adjudicate title to the subject property. Tr. 25:21–24.

[14] Notice of Obj. 11–12.

[15] *Id.* Being myself an-articulate in English, I had to look up this locution from the self-described analphabet, Mr. Talley; for any reader whose vocabulary is similarly stunted, I note that

time for rearguing (or appealing) the substantive or procedural decisions that led to the 2022 decision of the Court has long since passed, however.

Accordingly, I adopt the well-reasoned Bench Ruling of the Magistrate in its entirety. I remand the matter to the Magistrate; Defendants should submit a form of Order lifting the *lis pendens* and enjoining future such filings on the current record, as well as the shifting of fees, together with a Rule 88 affidavit, to the Magistrate.

To the extent that the foregoing requires an order to a take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Vice Chancellor

---

"analphabetic" is a sesquipedalian way to say that one cannot read. *Analphabetic*, Meriam-Webster, https://www.merriam-webster.com/dictionary/analphabetic (last visited September 26, 2023). Based upon the record before the Magistrate, it appears that Mr. Talley's assertion of analphabetism is, so to speak, an-earnest; perhaps an-honest.